IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,           ) | |
|                                      ) | |
|           Plaintiff,                 ) | Case No. 1:25-cr-114 |
|                                      ) | |
|   vs.                                ) | **ORDER DENYING MOTION** |
|                                      ) | **FOR PRETRIAL DETENTION** |
| Brayan Josue Rodriguez-Perez,        ) | |
|                                      ) | |
|           Defendant.                 ) | |

Brayan Josue Rodriguez-Perez is charged under 18 U.S.C. § 1326 with reentering the United States after having been removed from this country, and the United States sought his detention pending conclusion of the criminal case. The court held a detention hearing on May 9, 2025, and took the matter under advisement at the conclusion of the hearing to consider recent opinions issued in other districts that address issues similar to those raised in this case.

Rodriguez-Perez asserts there is no "serious risk" he will flee within the meaning of 18 U.S.C. § 3142(f)(2)(A) and that he must therefore be released pending adjudication of this case. Section 3142(f)(2) sets out seven circumstances under which the United States may seek pretrial detention. Five of the seven involve charges of certain types of offenses—none of which apply here—and the other two involve risk factors. The two risk factor circumstances of § 3142(f)(2)(A) are "a serious risk that [a] person will flee" and a serious risk the person will obstruct justice. There is no assertion Rodriguez-Perez would obstruct justice if he were released. The court therefore focuses on the risk he will flee if released.

Recent cases have interpreted § 3142(f)(2)(A)'s standard of "a serious risk that [a] person will flee" as different from the "risk of nonappearance" that is to be considered

under § 3142(e)(1). See United States v. Gonzalez, No. CR 25-143, 2025 WL 1208682, at *4 (E.D. Pa. Apr. 25, 2025); United States v. Figueroa-Alvarez, No. 4:23-cr-171, 2023 WL 4485312, at *5 (D. Idaho July 10, 2023) (describing a "serious risk of flight" under section 3142(f)(2)(A) as "a great risk—beyond average—that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision"). This court reaches the same conclusion. The United States has not shown Rodriguez-Perez presents a serious risk of flight. The court then conducts the individualized analysis required under the Bail Reform Act, 18 U.S.C. § 3142(a) and (c).

The United States argues that the evidence against Rodriguez-Perez is strong, that he has no ties to this district, that his reentry into this country demonstrates his willingness to defy court orders, and that he is subject to reinstatement of an order for removal if released from this court's custody.

Though conceding the weight of the evidence weights against his release, Rodriguez-Perez asserts the remaining § 3142 factors favor his release. He reported having lived in this district for one-and-one-half years while working at and residing at a ranch in western North Dakota. Because he did not have access to his phone, he was not able to provide contact information to enable the Pretrial Services Office to verify continued availability of that residence. Though he does not have authorization to be employed in this country, Rodriguez-Perez asserts he could assist with chores around the ranch.

Rodriguez-Perez was cited for a driving offense in Wisconsin in 2022 but posits that was not classified as a criminal offense under Wisconsin law. There is no evidence he has failed to appear or to follow court-ordered conditions of release, no evidence of a

history of violence, and no evidence of substance abuse. Rodriguez-Perez contends the applicable sentencing guideline, if he were convicted of the pending charge, is zero to six months in custody and that the time he has been in custody to date is within that guideline range. Thus, he argues, he has no reason to flee.

The court concludes a combination of conditions will reasonably assure Rodriguez-Perez's appearance at future proceedings. Release conditions will include verification of continued availability of his residence and residing there once it is verified, reporting to a Pretrial Services Officer regularly, not travelling outside the immediate area of the residence without prior approval of the Pretrial Services Officer, not possessing any firearm or other dangerous weapon or device, and promptly reporting any contact with any law enforcement officer to his Pretrial Services Officer.

The United States' motion for detention is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of May, 2025.

>                    */s/ Alice R. Senechal*
>                    Alice R. Senechal
>                    United States Magistrate Judge